Rosales v. Holder

BIA
IJ, Nelson
A013 211 937

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             RICHARD C. WESLEY,
                  *Circuit Judges*.

_____

RENE ROLANDO ROSALES, AKA RENE
ROSALES, AKA RONNIE ROSALES,

          *Petitioner*,

          v.                                           13-2920

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

          *Respondent*.

_____

Appearing for Petitioner:        Edward J. Cuccia, Ferro & Cuccia, New York, N.Y.

Appearing for Respondent:        Kevin J. Conway, United States Department of Justice
                                 (Stuart F. Delery and Carl McIntyre, *on the brief*),
                                 Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals (the "BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, and this case is REMANDED for further proceedings consistent with this order.

Rene Rolando Rosales, a native and citizen of Honduras, seeks review of a July 26, 2013 decision of the BIA dismissing his appeal from the September 30, 2011 decision of Immigration Judge Barbara A. Nelson (the "IJ"), which found Rosales ineligible for cancellation of removal and relief under former Section 212(c) of the Immigration and Nationality Act. *In re Rene Rolando Rosales*, No. A013 211 937 (B.I.A. July 26, 2013), *aff'g* No. A013 211 937 (Immig. Ct. N.Y.C. Sept. 30, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Formerly, certain aliens with criminal convictions were eligible for Section 212(c) relief if their convictions were based on a guilty plea or, if they went to trial, in some circumstances they would remain eligible for Section 212(c) relief if they could show detrimental reliance on the availability of such relief. *See Walcott v. Chertoff*, 517 F.3d 149, 152, 155 (2d Cir. 2008). In this case, the BIA and IJ concluded that Rosales was not eligible for Section 212(c) relief because his relevant conviction was the result of a trial, not a guilty plea.

However, in a BIA decision that was issued after the agency's decisions in this case, it concluded that deportable lawful permanent residents convicted after a trial should be treated "no differently for purposes of [S]ection 212(c) eligibility than deportable lawful permanent residents convicted by means of plea agreements." *Matter of Abdelghany*, 26 I. & N. Dec. 254, 268 (B.I.A. 2014). We have acknowledged that when "reviewing an agency decision following an intervening change of policy by the agency[, we] should remand to permit the agency to decide in the first instance whether giving the change retrospective effect will best effectuate the policies underlying the agency's governing act." *NLRB v. Coca-Cola Bottling Co. of Buffalo*, 55 F.3d 74, 78 (2d Cir. 1995) (internal quotation marks omitted).

In addition, this Court recently recognized that for purposes of eligibility for Section 212(c) relief, the distinction between pleading guilty and proceeding to trial is not logical. *See United States v. Gill*, --- F.3d ----, 2014 WL 1797463, at *9–11 (2d Cir. May 7, 2014).

In view of the foregoing, the petition for review is GRANTED and this case is REMANDED to the agency to consider in the first instance whether Rosales is eligible for Section 212(c) relief.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2